09-2321-cv
Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

Present:
    JON O. NEWMAN,
    PETER W. HALL,
                *Circuit Judges*,
    JANE A. RESTANI,[*]
                *Judge*.

_____

NATIONAL COMMITTEE TO PRESERVE SOCIAL SECURITY AND MEDICARE, MEDICARE RIGHTS CENTER, SANDRA EIMILLER, as personal representative of the Estate of James Mokeler, on behalf of Medicare,

        *Plaintiffs-Appellants*,

        v.                                          No. 09-2321-cv

PHILIP MORRIS USA INC., R.J. REYNOLDS TOBACCO CO., individually and as successor by merger to Brown & Williamson USA, Inc, and the AMERICAN TOBACCO CO., LORILLARD TOBACOO CO., LIGGETT GROUP, LLC,

        *Defendants-Appellees*.

_____

_____

[*] Chief Judge Jane A. Restani of the United States Court of International Trade, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:  ROBERT J. CYNKAR, Cuneo, Gilbert & LaDuca, LLP, Washington. D.C.

FOR DEFENDANTS-APPELLEES:  LISA S. BLATT, Arnold & Porter LLP, Washington, D.C.

_____

Appeal from the United States District Court for the Eastern District of New York (Dearie, *C. J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be **VACATED** and the matter **REMANDED** with instructions to **DISMISS** the complaint for lack of subject matter jurisdiction.

Plaintiffs-Appellants appeal from the district court's March 5, 2009 memorandum and order granting the Defendants-Appellees' motion to dismiss the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In this action under the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b), plaintiffs seek to recover the expenditures made from the Medicare Trust Fund to cover the costs of treating tobacco-related illnesses of Medicare beneficiaries. They claim that defendants bear primary responsibility, within the meaning of the MSP, for the costs advanced by Medicare and are liable for twice that amount in damages. The district court dismissed the case solely on the ground that defendants' financial responsibility to pay the Medicare beneficiaries had not yet been demonstrated and plaintiffs could not do so within the MSP suit. *Nat'l Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc.*, 601 F. Supp. 2d 505, 509-11 (E.D.N.Y. 2009).

The threshold matter in this case is whether the plaintiffs have standing to assert their claims. Pursuant to Article III of the United States Constitution, litigants must raise an actual case or controversy before availing themselves of the federal courts. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). We review *de novo* the district court's implicit legal conclusion that it had subject-matter jurisdiction to determine the merits of the complaint. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 197-98 (2d Cir. 2005).

Plaintiffs argue that the MSP private action is a valid partial assignment of Medicare's right to be reimbursed by responsible primary payers, that the MSP is thus a *qui tam* statute within the historical mainstream of *qui tam* statutes, and consequently they have standing to assert Medicare's claim. Although their complaint alleged alternative grounds for standing based on an individualized injury suffered by a single Medicare beneficiary as well as by members of an association who are also Medicare beneficiaries, plaintiffs categorically disclaimed these grounds at a hearing before the district court on November 20, 2008.[1] Specifically, plaintiffs' counsel stated:

> We don't represent individual Medicare beneficiaries. [The MSP is] a *qui tam*. We are here to recover the government's money. It just so happens there is one victim here. It's the United States of America. It just so happens it suffered millions of blows as a result of their conduct, but there is one victim. So we are here as partial assignees of the United States, not as assignees of all these individuals.

---

[1] Plaintiffs additionally alleged standing in their complaint based on the ground that they pay Medicare payroll taxes. On appeal, plaintiffs raise this ground in a single footnote of their brief and we thus decline to review this issue. *See United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) ("It is well-established in this Circuit that [w]e do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review." (internal quotation marks omitted)).

Furthermore, during a colloquy with the district court, plaintiffs' counsel again clarified that their basis for Article III standing was a partial assignment of the government's injury, and that a private injury of a Medicare beneficiary could not serve as a ground for standing under the MSP because the statute does not remedy such an injury. Plaintiffs thus limited the basis on which they claim standing to the assertion that the MSP allows a party to bring a *qui tam* action.

"The distinct language of the MSP strongly indicates that the MSP allows a private party not to bring suit on behalf of the Government to remedy any wrongs done thereto, but rather to bring suit in the party's own name to remedy the wrong done to it—namely the failure of a primary plan to make the payments required of it on behalf of the private party bringing the suit." *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 98 (2d Cir. 2009). Accordingly, the MSP "does not create a *qui tam* action, but rather merely enables a private party to bring an action to recover from a private insurer only where the private party has itself suffered an injury because a primary plan has failed to make a required payment to or on behalf of it." *Id.* at 101.

In light of this precedent, *see United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004) (noting that we are "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court"), we conclude that, having opted to pursue this action exclusively as a *qui tam* action under the MSP, plaintiffs lack standing to assert it. Despite the plaintiffs' arguments to the contrary, *Woods* makes clear that MSP does not create a *qui tam* action. Because plaintiffs failed to establish Article III standing, we lack the requisite subject matter jurisdiction to further address the merits of their claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).

4

For the reasons stated, we hereby **VACATE** the judgment of the district court and **REMAND** with instructions for the district court to **DISMISS** the complaint for lack of subject matter jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK